File No. 66310-RET

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**



| | | |
|---|---|---|
| DIRECTV, Inc., | § | |
| Plaintiff, | § | |
| | § | |
| | § | No. |
| v. | § | |
| | § | **03C 8314** |
| PHIL PALUMBO, | § | **JUDGE GOTTSCHALL** |
| Defendant. | § | **MAGISTRATE JUDGE BOBRICK** |

## PLAINTIFF DIRECTV'S ORIGINAL COMPLAINT

Plaintiff, DIRECTV, Inc. ("DIRECTV"), by and through its attorneys, complaining of the Defendant herein, respectfully sets forth and alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This lawsuit involves the surreptitious possession and use of illegal devices and equipment designed to intercept and decrypt DIRECTV's protected satellite communications, ultimately allowing for the free viewing of television programming. Federal communication and state laws prohibit the assembly, distribution, possession and use of the devices and equipment in question. DIRECTV brings this lawsuit seeking damages and injunctive relief against the defendant for the assembly, distribution, possession and use of illegitimate devices primarily designed to gain unauthorized access to its satellite communication signals.

## II. FACTS REGARDING DIRECTV'S BUSINESS OPERATIONS & SUPPORTING SATELLITE PIRACY CLAIMS

2. DIRECTV is a California-based company in the business of distributing satellite television broadcasts throughout the United States. Over the company's life, DIRECTV has invested billions of dollars to develop a satellite system capable of transmitting various digitized video and audio signals to homes and businesses nationwide to be used for entertainment

purposes (the "Satellite Programming"). DIRECTV relays digital signals from within the United States up to satellites hovering thousands of miles above Earth. Those signals are then broadcast back to Earth. DIRECTV's Satellite Programming is received through the use of a fixed outdoor satellite dish ("Satellite Dish") designed to capture satellite signals. The Satellite Dish is connected by cable to an indoor satellite receiver ("Satellite Receiver") which is then connected by cable to a television monitor.

3. While the signal is beamed from space to various areas and can be received by installing a Satellite Dish, the signal is not usable without paying DIRECTV a fee to use its television broadcast services. To prevent the unauthorized reception and use of DIRECTV's broadcasts by individuals who have not paid for DIRECTV's service, DIRECTV uses encryption technology to digitally scramble the signal making the signal unusable until it is unscrambled. The Satellite Receiver is the component that makes descrambling possible. Each Satellite Receiver contains a removable access card that manages the opening and closing of television channels offered by DIRECTV (the "Access Card"). An Access Card is identical in size and shape to a credit card, but also holds a computer-type chip that stores and applies the information necessary to unscramble the satellite signals being received through the Satellite Dish. When properly operated, Access Cards can be electronically programmed by DIRECTV to close or open television channels. It is, however, the programmable nature of these Access Cards that is the primary basis for this dispute.

4. Once a DIRECTV customer pays a subscription fee, DIRECTV electronically directs the Access Card to unscramble portions of the satellite signal allowing customers to view programs on their televisions and/or listen to certain high quality audio programs communicated by satellite. Through the Access Card, DIRECTV can provide many different levels of service to individual customers. Each customer usually pays for the service on a monthly basis. In

addition to the programming packages paid for on a monthly basis, certain DIRECTV satellite broadcasts, such as professional sports packages and pay-per-view movies, remain blocked and can be spontaneously purchased on a per-show or per-package basis using the customer's remote control or through a telephone call to DIRECTV. The Access Card records those purchases.

5. DIRECTV's main revenue source is subscriptions paid by properly authorized users of its signals; obviously then, DIRECTV has a significant interest in preventing the unauthorized receipt and use of DIRECTV Satellite Programming. Despite the encryption technology used to protect the DIRECTV signal, there are many individuals within the United States and surrounding foreign countries involved in the development of devices and equipment (including the illegal programming of valid Access Cards) used to surreptitiously pirate DIRECTV's signals (collectively referred to as "Pirate Access Devices"). The use of such Pirate Access Devices commonly provides the user with access to all of DIRECTV's Satellite Programming with no payment to the company.

6. The defendant in this action is a resident of the State of Illinois. Upon information and belief, the defendant has purchased and used illegal Pirate Access Devices that are designed to permit viewing of DIRECTV's television programming without authorization by, or payment to, DIRECTV.

### *DIRECTV Obtained Records Related to DSSPRO/Li Sang*

7. On or about November 29, 2001, DIRECTV executed Writs of Seizure with the assistance of the U.S. Marshal Service, in the matter of DIRECTV v. Derek Trone (hereinafter "Trone") et al, Civil Action No. SA CV 01-370 DOC (ANx), in the United States District Court for the Central District of California against Li Sang and his business known as Digital Source Solutions d/b/a/ DssPro (hereinafter "DSSPRO"). DSSPRO sold and distributed satellite signal theft devices primarily through its websites, "www.dsspro.com," "www.dssna.com," and

3

"www.dsszone.com." Mr. Sang and DSSPRO were physically located in Indiana, but, due to the expansive reach of internet sales, Mr. Sang was able to conduct business nationwide. During and subsequent to the raids, DIRECTV came into possession of a substantial body of sales records, shipping records, email communications, credit card receipts, and other records. Those records evidence Defendant's purchases of illegal Pirate Access Devices. In reliance upon those records and other information, and upon information and belief, DIRECTV sets forth the allegations in this Complaint.

8.      Defendant's activities violate federal telecommunication and wiretapping laws and state statutory and common law. As a result of the defendant's decisions to obtain Pirate Access Devices and the detrimental impact that such activities have on the company, DIRECTV brings this action seeking damages and injunctive relief against the defendant's continued possession and/or use of Pirate Access Devices.

### III. JURISDICTION

9.      DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

10.     This lawsuit is brought pursuant to several federal statutes prohibiting the interception of satellite communications, including the Cable Communications Policy Act of 1984, (47 U.S.C. §§ 521, *et seq*) (the "Communications Act"), and the Electronic Communications Policy Act of 1986, (18 U.S.C. § 2510, *et. seq*), and as an action for injunctive relief and damages for the improper receipt, transmission, and use of satellite programming signals. This Court has jurisdiction of the subject matter to this action under 28 U.S.C. § 1331, pursuant to which the United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. Moreover, this Court has supplemental jurisdiction over DIRECTV's state law claims pursuant to 28 U.S.C. § 1367.

4

11.     This Court has personal jurisdiction over the parties in this action.  The activities over which DIRECTV complains and which give rise to this action took place in the State of Illinois; more particularly, Defendant's acts of violating federal laws and DIRECTV's proprietary rights as distributor of the satellite programming transmission signals took place within the Northern District of Illinois.  Further, upon information and belief, the Defendant resides within the State of Illinois; thus, this Court has personal jurisdiction over the Defendant.

### IV. VENUE

12.     DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

13.     Venue is proper in this the United States District Court for the Northern District of Illinois under 28 U.S.C. §§ 1391(b) as this action arises under the laws of the United States and the defendant resides within the State of Illinois.  Moreover, a substantial part of the events or omissions giving rise to the claims occurred within the Northern District of Illinois (28 U.S.C. § 93).

### V. PARTIES

14.     DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

15.     Plaintiff, DIRECTV, is at all times relevant hereto a corporation incorporated under the laws of the State of California.  As a major distributor of satellite television programming, DIRECTV has a significant interest in maintaining and securing the integrity of its satellite transmissions of television programming and in prohibiting the unauthorized reception and use of the same.

16.     As part of its efforts to combat piracy, DIRECTV periodically develops and administers electronic countermeasures, which are commonly referred to in the satellite piracy

5

community as "ECMs." ECMs involve sending a stream of data that targets access cards using known modified software code and disables those access cards.

17.     In response to DIRECTV's ECMs, and in particular to a highly successful ECM known in the pirate community as "Black Sunday," satellite pirates have developed devices referred to as, among other things, including but not limited to bootloaders, dead processor boot boards, glitchers, HU loaders, emulators, unloopers, and programmers that employ hardware and software and/or a combination of purchases to restore pirate access cards' ability to illegally circumvent DIRECTV's encryption protection and view DIRECTV programming.

18.     Defendant, Phil Palumbo ("Defendant Palumbo"), resides and/or conducts business in Orland Park, Illinois. Upon information and belief, Defendant Palumbo purchased one or more Pirate Access Devices from one or more pirate device dealers as described below. Defendant Palumbo placed each order by using interstate or foreign wire facilities, and received his orders via the United States Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transactions:

a.     Upon information and belief, on or about December 8, 2000, Defendant Palumbo purchased one (1) "Wildthing X" from Li Sang. The order was shipped to Defendant Palumbo at Defendant's address in Orland Park, Illinois.

19.     Defendant Palumbo is sometimes hereinafter referred to as "Defendant."

20.     Upon information and belief, Defendant received Pirate Access Devices through various mail sources, effectively importing such illegal devices into the State of Illinois; Defendant has a reason to know that such device is used to illicitly decrypt Satellite Programming. Upon information and belief, Defendant displayed Satellite Programming and such Satellite Programming was displayed without authorization from DIRECTV. Importantly, Defendant's possession and use of Pirate Access Devices provides them access to all television

6

programs transmitted by DIRECTV, including access to all pay-per-view movies, boxing and other special programs, and sports programming at all times. The value of the programs that Defendant was capable of viewing without authorization may easily reach thousands of dollars in a single year.

21. On information and belief, DIRECTV alleges that Defendant received the Satellite Programming by means including but not limited to: (a) maintaining Satellite Dishes capable of receiving satellite programming on television monitors and further maintaining electronic devices which enable them to receive, unscramble, and exhibit encrypted Satellite Programming transmissions without authorization; and/or (b) by such other means to effectuate the unauthorized reception of the Satellite Programming which are unknown to DIRECTV and known only to Defendant.

## VI. DISCOVERY OF ILLEGAL CONDUCT

22. DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

23. DIRECTV devotes significant resources to preventing the unauthorized reception of its Satellite Programming and identifying persons or businesses engaged in such illegal activity. Despite these efforts, DIRECTV first obtained the mass of records after the raids as indicated in the forgoing paragraphs. More importantly, DIRECTV first discovered Defendant's identity and involvement in pirating Satellite Programming after spending significant time analyzing and interpreting those records.

## VII. CAUSES OF ACTION

### Count 1 - Damages for Violations of Cable Communications Policy Act
### (47 U.S.C. § 605(e)(3)(C))

24. DIRECTV incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

7

25. DIRECTV alleges on information and belief, that Defendant effected unauthorized interception and receipt of Satellite Programming through use of illegal satellite decoding devices, or by manipulation of the satellite system authorized to carry the Satellite Programming where Defendant is located, or by such other means which are unknown to DIRECTV and known only to Defendant.

26. Each of Defendant's acts violates federal law. Defendant, illegally and without authorization, intercepted, received and exhibited, or otherwise assisted in the unauthorized interception, reception, and exhibition of Satellite Programming transmitted by DIRECTV. Further, upon information and belief, Defendant used such communications for Defendant's own benefit or for the benefit of others who were not entitled to such communications. Each of these acts is a practice prohibited by 47 U.S.C § 605(a).

27. DIRECTV is a person aggrieved by the Defendant's violations of 47 U.S.C. § 605 and is authorized to institute this action against the Defendant pursuant to 47 U.S.C. § 605 (e)(3)(A).

28. Defendant's violations of 47 U.S.C. § 605 have injured and will continue to injure DIRECTV's ability to maximize the revenues which it seeks to derive from the Satellite Programming as DIRECTV has been deprived of the benefit of subscribers to the Satellite Programming. DIRECTV is entitled to costs, reasonable attorneys' fees, actual damages suffered, and profits obtained by Defendant attributable to the Defendant's illegal conduct.

29. Alternatively, DIRECTV is entitled to statutory damages in an amount not less than $1,000 nor more than $10,000 for each violation of 47 U.S.C. § 605(a).

### Count 2 - Damages for Violations of 18 U.S.C. § 2511

30. DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

8

31.     For further cause of action, DIRECTV alleges that Defendant intentionally intercepted, endeavored to intercept, or procured other persons to intercept electronic communications from DIRECTV.  Defendant further disclosed or endeavored to disclose to others the contents of electronic communications knowing, or having a reason to know, that the information was obtained through the interception of electronic communications in violation of 18 U.S.C. § 2511.  Upon information and belief, Defendant further intentionally used or endeavored to use the contents of electronic communications knowing, or having reason to know, that the information was obtained through the interception of electronic communications in violation of 18 U.S.C § 2511.

32.     DIRECTV is a person whose electronic communications are being intercepted, disclosed and/or intentionally used in violation of 18 U.S.C § 2511.

33.     Due to Defendant's wrongful conduct, DIRECTV is entitled, under 18 U.S.C. § 2520, to the greater of the sum of (1) actual damages suffered by DIRECTV and the profits made by Defendant as a result of the Defendant's conduct, or (2) statutory damages in an amount the greater of $10,000 or $100 per day for each day Defendant acted in violation of 18 U.S.C. § 2511.

### Count 3 - Damages for Possession, Manufacture, and/or Assembly of Electronic, Mechanical or Other Device or Equipment
### (18 U.S.C. § 2512)

34.     DIRECTV realleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

35.     By way of its third cause of action, DIRECTV alleges that Defendant intentionally possessed, manufactured, and/or assembled an electronic, mechanical or other device knowing, or having a reason to know, that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire or electrical communications and

9

that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce. More particularly, the Defendant, or someone at Defendant's direction, sent and/or received Pirate Access Devices by means of the United States Postal Service or commercial mail carrier.

36. DIRECTV is a person whose electronic communications are being intercepted, disclosed and/or intentionally used in violation of 18 U.S.C § 2512.

37. Due to Defendant's wrongful conduct, DIRECTV is entitled, under 18 U.S.C. § 2520, to the greater of the sum of (1) actual damages suffered by DIRECTV as a result of Defendant's conduct, or (2) statutory damages in an amount the greater of $10,000 or $100 per day for each day Defendant acted in violation of 18 U.S.C. § 2512.

### Count 4 - Damages for Willful Assembly or Modification of Devices or Equipment (47 U.S.C. § 605(e)(4))

38. DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

39. Upon information and belief, Defendant knowingly, manufactured, assembled, or modified an electronic, mechanical or other device or equipment knowing or having reason to know, that the device or equipment is used primarily to facilitate the unauthorized decryption of Satellite Programming, or direct-to-home satellite services, or is intended for any other prohibited activity. Upon information and belief, Defendant actively programmed and reprogrammed DIRECTV Access Cards and designed electronic systems for use in surreptitiously obtaining DIRECTV Satellite Programming. Further, by removing and inserting Pirate Access Devices and/or inserting illegally programmed Access Cards into valid DIRECTV Receivers, Defendant engaged in the unlawful assembly and/or modification of devices primarily of assistance in the unauthorized decryption of Satellite Programming.

40.     Such conduct by Defendant violates 47 U.S.C § 605(e)(4) and such activity entitles DIRECTV to statutory damages in a sum not less than $10,000 or more than $100,000, as the Court considers just for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(II).

41.     DIRECTV is a person aggrieved by the Defendant's independent violations of 47 U.S.C. § 605 and is authorized to institute this action against the Defendant pursuant to 47 U.S.C. § 605 (e)(3)(A).

### Count 5 - Civil Conversion

42.     DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

43.     By virtue of the conduct set forth above, Defendant has unlawfully converted DIRECTV's property for Defendant's use and benefit.

44.     Such conversion was done intentionally and wrongfully by Defendant to deprive DIRECTV of its proprietary interests and for Defendant's direct benefit and advantage.

45.     Due to Defendant's wrongful conversion of DIRECTV Satellite Programming, DIRECTV suffered damages.

### VIII. REQUEST FOR INJUNCTIVE RELIEF

46.     DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

47.     DIRECTV further alleges that unless restrained by this Court, the Defendant will continue to receive, intercept, transmit, and exhibit the Satellite Programming, illegally and without authorization by or payment to DIRECTV in violation of 47 U.S.C. § 605.

48.     The violations of 47 U.S.C. § 605 set forth above have caused and will continue to cause DIRECTV irreparable harm.

49. DIRECTV cannot practicably determine the loss of subscribers and lost revenues resulting from the Defendant's unlawful conduct. In addition to diminishing DIRECTV's revenues, the Defendant's unlawful conduct injures DIRECTV's reputation and goodwill as well as its ability to attract and finance the future acquisition, production, and distribution of quality programming, thereby impairing DIRECTV's ability to enhance its future growth and profitability. DIRECTV has no adequate remedy at law to redress the violations set forth above.

50. Further, DIRECTV is entitled to preliminary and other equitable or declaratory relief as may be appropriate under the circumstances in accordance with 18 U.S.C. § 2520(b)(1). DIRECTV requests that Defendant be directed to cease the use of any and all Pirate Access Devices, relinquish all such devices to DIRECTV, and not engage in such conduct in the future.

## IX. **PRAYER**

WHEREFORE, Plaintiff, DIRECTV, INC., prays that this Court enter judgment in its favor and against Defendant in the form as follows:

a. Declare that Defendant's assembly, modification, distribution, and possession of illegal devices or equipment, unauthorized interception, reception, and exhibition of DIRECTV's electronic communications, or Defendant's assistance in the performance of such unauthorized actions, is a violation of 47 U.S.C. § 605, 18 U.S.C. §§ 2511 & 2512.

b. Award DIRECTV statutory damages in the amount of $10,000.00 for each violation of 47 U.S.C. § 605, plus an additional $100,000.00 for each violation pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); alternatively, DIRECTV requests judgment for actual damages, plus damages equal to any profits attributable to the Defendant's violations of 47 U.S.C. § 605;

c. Alternatively, award DIRECTV statutory damages in the amount of the greater of $10,000 or $100 per day for each day Defendant violated 18 U.S.C. § 2511 and/or § 2512, or alternatively, DIRECTV requests judgment for actual damages, plus damages equal to any profits attributable to the Defendant's violations of 18 U.S.C. §§ 2511 or 2512;

d. In accordance with 47 U.S.C. § 605(e)(3)(B)(i) and 18 U.S.C. § 2520(b)(1), enjoin Defendant, and all persons in active concert or participation with the Defendant, from (i) possessing illegal access cards or other illegal devices or equipment (ii) interfering with DIRECTV's proprietary rights, (iii) intercepting,

receiving, divulging, or displaying DIRECTV's Satellite Programming without prior written consent of DIRECTV; and (iv) acting in further violation of the above-described statutes;

e.      That this Court award DIRECTV punitive damages as provided by statutory law;

f.      That this Court award DIRECTV its costs, including reasonable attorneys' fees, pre-judgment and post-judgment interest, and

g.      Such other relief to which DIRECTV may be entitled.

                                        Paul A. Rettberg
                                        Attorney for plaintiff


Paul A. Rettberg
Querrey & Harrow, Ltd.
Il. State Bar No. 2318938
175 West Jackson Blvd., Suite 1600
Chicago, Illinois  60604
(312) 540-7000

13



# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace no supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANT(S) |
|---|---|
| DIRECTV, INC. | PHIL PALUMBO |
| (b) County of Residence of First Listed Plaintiff Los Angeles, CA (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Cook, Illinois (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED |
| (c) Attorney's (Firm Name, Address, and Telephone Number) Paul A. Rettberg Querrey & Harrow, Ltd. 175 West Jackson Blvd., Suite 1600 Chicago, IL 60604-2827 (312) 540-7040 | Attorneys (If Known) |

JUDGE GOTTSCHALL **03C 8314** MAGISTRATE JUDGE BOBRICK

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINICPAL PARTIES (Pace an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place and "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 850 Securities/ Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damages Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environment Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdiction statutes unless diversity.)

47 U.S.C. § 605; 18 U.S.C. § 2511, 2512. Possession, sale and/or use of prohibited piracy devices.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 100,000.00   CHECK YES only if demanded in compliant: JURY DEMAND ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 11/20/03 | *[signature]* |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In the Matter of

DIRECTV, Inc.
v.
PHIL PALUMBO

Case Number:



APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff, DIRECTV, Inc.

JUDGE GOTTSCHALL

MAGISTRATE JUDGE NOLAN

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Paul A. Rettberg | NAME Timothy R. Rabel |
| FIRM Querrey & Harrow, Ltd. | FIRM Querrey & Harrow, Ltd. |
| STREET ADDRESS 175 West Jackson Blvd., Suite 1600 | STREET ADDRESS 175 West Jackson Blvd., Suite 1600 |
| CITY/STATE/ZIP Chicago, Illinois 60604 | CITY/STATE/ZIP Chicago, Illinois 60604 |
| TELEPHONE NUMBER (312) 540-7000 — FAX NUMBER (312) 540-0578 | TELEPHONE NUMBER (312) 540-7000 — FAX NUMBER (312) 540-0578 |
| E-MAIL ADDRESS prettberg@querrey.com | E-MAIL ADDRESS trabel@querrey.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 2318938 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6208188 |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☑ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☑ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Anne M. Belanger | NAME Adam C. Toosley |
| FIRM Querrey & Harrow, Ltd. | FIRM Querrey & Harrow, Ltd. |
| STREET ADDRESS 175 West Jackson Blvd., Suite 1600 | STREET ADDRESS 175 West Jackson Blvd., Suite 1600 |
| CITY/STATE/ZIP Chicago, Illinois 60604 | CITY/STATE/ZIP Chicago, Illinois 60604 |
| TELEPHONE NUMBER (312) 540-7000 — FAX NUMBER (312) 540-0578 | TELEPHONE NUMBER (312) 540-7000 — FAX NUMBER (312) 540-0578 |
| E-MAIL ADDRESS abelanger@querrey.com | E-MAIL ADDRESS atoosley@querrey.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6215746 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6276856 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☑ | MEMBER OF TRIAL BAR? YES ☐ NO ☑ |
| TRIAL ATTORNEY? YES ☐ NO ☑ | TRIAL ATTORNEY? YES ☐ NO ☑ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

In the Matter of

DIRECTV, Inc.
v.
PHIL PALUMBO

Case Number: *U.S. DISTRICT COURT*

**03C 8314**

**JUDGE GOTTSCHALL**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff, DIRECTV, Inc.

MAGISTRATE JUDGE BOBRICK

| (A) E | | | (B) F | | |
|---|---|---|---|---|---|
| **SIGNATURE** *Ernie Burden* | | | **SIGNATURE** *Brandon Lemley* | | |
| **NAME** Ernie Burden | | | **NAME** Brandon K. Lemley | | |
| **FIRM** Querrey & Harrow, Ltd. | | | **FIRM** Querrey & Harrow, Ltd. | | |
| **STREET ADDRESS** 175 West Jackson Blvd., Suite 1600 | | | **STREET ADDRESS** 175 West Jackson Blvd., Suite 1600 | | |
| **CITY/STATE/ZIP** Chicago, Illinois 60604 | | | **CITY/STATE/ZIP** Chicago, Illinois 60604 | | |
| **TELEPHONE NUMBER** (312) 540-7000 | **FAX NUMBER** (312) 540-0578 | | **TELEPHONE NUMBER** (312) 540-7000 | **FAX NUMBER** (312) 540-0578 | |
| **E-MAIL ADDRESS** eburden@querrey.com | | | **E-MAIL ADDRESS** blemley@querrey.com | | |
| **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** 6272006 | | | **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** 6275355 | | |
| **MEMBER OF TRIAL BAR?** | YES ☐ | NO ☑ | **MEMBER OF TRIAL BAR?** | YES ☐ | NO ☑ |
| **TRIAL ATTORNEY?** | YES ☐ | NO ☑ | **TRIAL ATTORNEY?** | YES ☐ | NO ☑ |
| | | | **DESIGNATED AS LOCAL COUNSEL?** | YES ☐ | NO ☐ |

| (C) G | | | (D) | | |
|---|---|---|---|---|---|
| **SIGNATURE** | | | **SIGNATURE** | | |
| **NAME** Gretchen Cepek | | | **NAME** | | |
| **FIRM** Querrey & Harrow, Ltd. | | | **FIRM** | | |
| **STREET ADDRESS** 175 West Jackson Blvd., Suite 1600 | | | **STREET ADDRESS** | | |
| **CITY/STATE/ZIP** Chicago, Illinois 60604 | | | **CITY/STATE/ZIP** | | |
| **TELEPHONE NUMBER** (312) 540-7000 | **FAX NUMBER** (312) 540-0578 | | **TELEPHONE NUMBER** | **FAX NUMBER** | |
| **E-MAIL ADDRESS** gcepek@querrey.com | | | **E-MAIL ADDRESS** | | |
| **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** 6215861 | | | **IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)** | | |
| **MEMBER OF TRIAL BAR?** | YES ☐ | NO ☑ | **MEMBER OF TRIAL BAR?** | YES ☐ | NO ☐ |
| **TRIAL ATTORNEY?** | YES ☐ | NO ☑ | **TRIAL ATTORNEY?** | YES ☐ | NO ☐ |
| **DESIGNATED AS LOCAL COUNSEL?** | YES ☐ | NO ☐ | **DESIGNATED AS LOCAL COUNSEL?** | YES ☐ | NO ☐ |